THE STATE v. LEWIS, Appellant.

**Division Two, October 31, 1899.**

Criminal Law: SUBSTANTIAL EVIDENCE: FAULTLESS INSTRUCTIONS: CORRECT INDICTMENT: APPELLATE PRACTICE. Where the indictment and instructions are free from objection, and there was no error in the admission· or exclusion of evidence, and the evidence amply supports the verdict, which is in harmony with the indictment, the judgment should be affirmed on appeal.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

BASS & TURNER for appellant.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

(1) The testimony of the witnesses for the State was clearly to the effect that the pocketbook, valued at one and one-half dollars, and the note of the value of forty-six dollars were taken from the coat pocket of the prosecuting witness by the defendant. In this regard there was ample testimony to justify a conviction by the jury. This court will not consider the weight of the evidence nor the credibility of the witnesses. That is a matter belonging solely to the jury. Where there is evidence of guilt this court will not consider its strength. There must be a total failure of proof before an appellate court will set the verdict aside on the ground of insufficient testimony. (2) It was unnecessary that the prosecuting witness be the absolute owner of all or any part of the property stolen. The rule in such cases is that where there is ownership in one person and possession in another, as

special bailee or custodian, it is optional to charge the owner-ship as in the real owner or as in the person in possession of the property. Therefore no error is to be found in either the indictment or instructions in this regard. State v. Gra-ham, 55 N. H. 152; State v. Sullivan, 104 Mass. 552; State v. Mullen, 30 Ia. 205; People v. Quinn, 132 Ill. 333; State v. Flower, 100 Ala. 96; State v. O'Connell, 144 Mo. 387. As to the value of the note stolen, the statute makes the face of the same *prima facie* the value thereof. This, of course, must be overcome by the evidence; and there being contradictory testimony, the finding of the jury will be conclusive. Secs. 3535 and 3539, R. S. 1889; State v. O'Connell, 144 Mo. 387.

BURGESS, J.—Defendant was convicted of feloniously stealing from one R. J. McDonnell a pocketbook containing a promissory note valued at forty-six dollars, and his punish-ment fixed at two years' imprisonment in the penitentiary. He appeals.

The facts are as follows:

R. J. McDonnell, the prosecuting witness, had previous to the fourth day of August, 1898, received for collection, a note for $46 from one M. L. White, on a man by the name of J. A. Stevenson. On that day he was at the Columbia fair and had the note in his pocketbook. While on the fair grounds he came in contact with the defendant, who slipped his hand under his coat and took therefrom the pocketbook containing the note, McDonnell was carrying his coat on his arm. As soon as he saw his pocketbook was gone, he took hold of the defendant, whereupon the defendant says, "Have you lost your pocketbook? I saw a boy pick it up. Come and go with me and I will help you find it." McDonnell insisted that defendant had taken his pocketbook, while de-fendant made a desperate effort to obtain his liberty. He dragged the prosecuting witness a distance of forty or fifty feet, then jerked loose from him. About this time a man by

the name of Smith came up, threw his arms around him, held him until an officer could be obtained, when the defendant was arrested and taken in charge. Two witnesses standing by saw the defendant when he took the pocketbook from McDonnell's coat. Before his arrest, however, he had made away with it by dropping it on the ground, where it was afterwards picked up by a young man. Defendant lived in Springfield, Missouri. Two defenses were interposed, first, that he did not take the pocketbook, and second, that the note described in the indictment was absolutely worthless, as the maker thereof was financially irresponsible.

We have not been able to find any error in this record. The indictment and instructions are free from objection, and by the latter the case was presented very fairly to the jury. There was no error in the admission or exclusion of evidence, which amply supports the verdict.

The judgment is affirmed. GANTT, P. J., concurs; SHERWOOD, J., absent.